UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010,<br><br>                                        Plaintiffs,<br><br>           -against-<br><br>ACME SKILLMAN CONCRETE CO.,<br><br>                                        Defendant. | 15 CV 6589<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff The Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Acme Skillman Concrete Co. ("Acme") is a domestic business corporation incorporated under the laws of the State of New York, with its principal place of business at 56-22 58th Street, Maspeth, New York 11378, engaged in the construction business.

## BACKGROUND

7. At relevant times herein, Acme was a party to, or manifested an intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement (the "Agreement") with the Union.

8. The Agreement requires Acme to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a

calendar month in amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of Acme employees within the trade and geographical jurisdiction of the Union ("Covered Work").

9. The Agreement provides that if the Benefit Funds conduct a payroll audit which reveals unreported and delinquent benefit contributions, the employer is liable for the cost of the audit.

10. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the Agreement. In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

### FIRST CLAIM FOR RELIEF

11. Plaintiffs repeat the allegations set forth in paragraphs 1 through 10 hereof above and incorporated them herein by reference.

12. Per monthly remittance reports submitted by Acme to the Funds, Acme owes delinquent contributions to the Funds in connection with Covered Work performed by its employees during May through July 2015 in the amount of $16,116.23.

13. Acme failed to submit monthly remittance reports to the Funds for the period December 2014 through March 2015 and August 2015 through the present. Accordingly, Acme owes an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present.

14. Acme also owes the Union required dues check-offs and other contributions in connection with Covered Work performed by its employees for the period May through July 2015 in the amount of $576.25, and an unknown amount of unreported dues check-offs and other contributions to the Union for December 2014 through March 2015 and August 2015 through the present.

15. Pursuant to the Agreement, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

16. Pursuant to the Agreement, in the event the Trustees are required to employ an attorney to collect the fringe benefits due and owing, Acme is obligated to pay to the Funds its attorneys' fees.

17. The Agreement provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

18. The Trust Agreements provide that in operating and administering the Fund, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

20. Pursuant to the Trust agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Acme is bound to the terms of the Collection Policy.

21. Article II of the Collection Policy provides that if Acme fails to make contributions when due, Acme is liable to the Funds for liquidated damages of 20% of the amount of the unpaid contributions.

22. By reason of the foregoing, Acme is liable for delinquent contributions to the Funds in connection with Covered Work performed by its employees during May through July 2015 in the amount of approximately $16,116.23, an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present, dues check-offs and other contributions to the Union in connection with Covered Work performed by its employees during May through July 2015 in the amount of approximately $576.25, an unknown amount of unreported dues check-offs and other contributions to the Union for December 2014 through March 2015 and August 2015 through the present, interest on the amount of unpaid fringe benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs.

23. The Trustees have demanded payment of the unpaid Fringe Benefits. Defendant has refused these demands.

## SECOND CLAIM FOR RELIEF

24. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 23 hereof above and incorporate them herein by reference.

25. Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement. 29 U.S.C. § 1145.

26. Each of the Benefit Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

27. Acme is an "employer" as that term is used in Section 515 of ERISA.

28. Acme has failed to pay fringe benefit contributions to the Funds pursuant to the Agreement in connection with Covered Work performed by its employees during the period of May through July 2015 in the amount of $16,116.23, an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present in violation of Section 515 of ERISA.

29. Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

30. By reason of the foregoing, Acme is liable for delinquent contributions to the Funds in connection with Covered Work performed by its employees during May through June 2015 in the amount of approximately $16,116.23, an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

**WHEREFORE**, plaintiffs respectfully request judgment:

(1) on their First Claim for Relief against Acme for delinquent contributions to the Funds in connection with Covered Work performed by its employees during May through July 2015 in the amount of approximately $16,116.23, an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present to be determined at trial, dues check-offs and other contributions to the Union in connection with Covered Work performed by its employees during May through July 2015 in the amount of approximately $576.25, an unknown amount of unreported dues check-offs and other

contributions to the Union for December 2014 through March 2015 and August 2015 through the present to be determined at trial, interest on the amount of unpaid fringe benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs.

(2) on their Second Claim for Relief against Acme, in the amount of delinquent contributions to the Funds in connection with Covered Work performed by its employees during May through July 2015 in the amount of approximately $16,116.23, an unknown amount of unreported contributions for December 2014 through March 2015 and August 2015 through the present to be determined at trial, and statutory damages, attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g); and

(3) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 16, 2015

VIRGINIA & AMBINDER, LLP

By: _____
Charles R. Virginia
Nicole Marimon
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
Attorneys for Plaintiffs